UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RANDEL LANE,<br><br>              Plaintiff - Appellant,<br><br>  v.<br><br>CLARK COUNTY,<br><br>              Defendant - Appellee. | No. 13-15471<br><br>D.C. No. 2:11-cv-00485-JCM-NJK<br>District of Nevada,<br>Las Vegas<br><br>ORDER |

Before: PAEZ and CLIFTON, Circuit Judges and DUFFY,[*] District Judge.

The memorandum disposition is amended by inserting a footnote at the end

of the first sentence on page 2, which states as follows:

Because Lane waived his retaliation claim on appeal, we do not address it. *See Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986) (stating that this court "will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief").

With this amendment, Appellant's Petition for Panel Rehearing Pursuant to

FRAP 40 is DENIED. No further petitions for rehearing may be filed.

---

[*]     The Honorable Kevin Thomas Duffy, District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| RANDEL LANE,<br><br>        Plaintiff - Appellant,<br><br>v.<br><br>CLARK COUNTY,<br><br>        Defendant - Appellee. | No. 13-15471<br><br>D.C. No. 2:11-cv-00485-JCM-NJK<br><br>AMENDED MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted May 14, 2015
San Francisco, California

Before: PAEZ and CLIFTON, Circuit Judges and DUFFY,[**] District Judge.

Randel Lane ("Lane") appeals the district court's grant of Clark County's

motion for summary judgment under the Americans with Disabilities Act, 42

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Kevin Thomas Duffy, District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

U.S.C. § 12101, *et seq.* ("ADA").[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.     We review de novo a district court's ruling granting summary judgment. *Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1133 (9th Cir. 2001). We must determine, viewing the evidence in the light most favorable to Lane, the nonmoving party, whether there are any genuine issues of material fact, and whether the district court correctly applied the relevant substantive law. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004). We may affirm on any ground supported by the record. *Id.*

2.     Here, Lane was not a "qualified individual," 42 U.S.C. § 12112(a), because he could not "perform the essential functions of [his] employment position" "with or without reasonable accommodation." *Id.* § 12111(8); 29 C.F.R. § 1630.2(m). Regular presence can be considered an essential function of one's job. *See Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1237-39 (9th Cir. 2012). Lane's position was one such instance, rather than "the unusual case where an employee can effectively perform all work-related duties at home." *Id.* at 1239.

---

[1]Because Lane waived his retaliation claim on appeal, we do not address it. *See Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986) (stating that this court "will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief").

2

Because nothing in the record indicates that Lane could be present regularly with or without reasonable accommodation, there was no genuine factual dispute. The district court correctly determined that Lane was not a qualified individual.

AFFIRMED.